People v Welles (2025 NY Slip Op 02417)

People v Welles

2025 NY Slip Op 02417

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

|Docket No. 062559/00|Appeal No. 4175|Case No. 2023-02011|

[*1]The People of the State of New York, Respondent,
v
James Welles, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Order of the Appellate Term of the Supreme Court, First Department, entered on or about November 22, 2022, which affirmed an order of the Criminal Court of the City of New York, New York County (Robert Rosenthal, J.), entered on or about July 25, 2019, which, after a hearing, adjudicated defendant a risk level one sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
Evaluating the factors as outlined in People v Collier (223 AD3d 539, 540 [1st Dept 2024], lv denied 42 NY3d 962 [2024]), we conclude that, although the 18-year delay between defendant's sentencing and the instant SORA proceeding was substantial, defendant was not unduly prejudiced by the delay, and, therefore, he was not deprived of due process. During the 18-year delay, defendant moved to Louisiana and incurred another conviction for a sex offense, for which, at the time of the SORA hearing, he was under supervised release in Louisiana. Defendant was able to establish at the SORA hearing that a downward departure from risk level two to level one was warranted due to that supervision. Because defendant was not harmed by the delay, the "pure length of the delay is entitled to relatively less weight" (Collier, 223 AD3d at 541). Moreover, while the delay was resultant from the State's conceded inadvertence—favoring defendant—this second factor weighs less heavily against the State (see id.).
Regarding the third factor—whether defendant was on notice of his requirement to register under SORA—defendant was not explicitly advised of his obligation to register at sentencing. However, we find that there exists "proof of the probability that defendant had actual knowledge" of his obligation to register (Collier, 223 AD3d at 541) in, at least, 2006—approximately 6 years into the 18-year delay—when he was given notice of his requirement to register as a sex offender in Louisiana, which included his New York conviction as one of the four offenses requiring his registration. Additionally, defendant acknowledged in his papers to the SORA court that his New York conviction contributed to his sex offender classification in Louisiana. On these facts, we find that "it is more likely than not that defendant had actual knowledge of the registration requirement" in 2006, at a minimum (id. at 542).
Finally, that his registration period will extend into his elderly years does not constitute prejudice where he would be subject to lifetime registration had he timely received his risk level determination in 2000, when he would have been a presumptive level two offender (see Correction Law § 168-h[2], as amended by L 2006, ch 1, § 3 [eff Jan. 18, 2006]).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025